**Robert K. Meyer, OSB No. 086470**
robert@oregonworkplacelaw.com
**Sharia Mayfield, OSB No. 164359**
sharia@oregonworkplacelaw.com
MEYER EMPLOYMENT LAW
1000 SW Broadway Ste 2300
Portland, OR 97205
Voice: (503) 459-4010
Fax: (503) 512-5022

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| **DIMITRE POPOV**, <br><br> Plaintiff, <br><br> v. <br><br> **MOLNLYCKE HEALTH CARE US, LLC**, a foreign limited liability company, <br><br> Defendant. | Case No. 3:26-cv-00849 <br><br> **COMPLAINT** <br><br> 42 U.S.C. § 2000e-2; ORS 659A.030(1)(a)-(b)(f); Wrongful Discharge; Promissory Estoppel; Negligent Misrepresentation <br><br> **Demand for Jury Trial** |

Plaintiff Dimitre Popov ("Plaintiff") makes the following complaint against Defendant

Mölnlycke Health Care US, LLC ("Defendant"):

**PARTIES, JURISDICTION & VENUE**

1.

Plaintiff is an individual who resides in Washington County in the District of Oregon,

Portland Division.

Page 1    **COMPLAINT**

2.

This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as the action arises under 42 U.S.C. § 2000e-2. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), as claims asserted under the laws of the State of Oregon form part of the same case and controversy. Separately, there is also diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332, as the parties are totally diverse, and the amount in controversy exceeds $75,000.

3.

This Court is the appropriate venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims in this action occurred in the Portland District of Oregon. Defendant is a Delaware company that maintains sustained business contacts in the Portland Division.

**FACTUAL ALLEGATIONS**

4.

On or around June 20, 2024, Plaintiff began working as a Wound Care Territory Sales Manager for Defendant's Portland, Oregon region. Plaintiff is a Christian, and receiving the COVID-19 vaccine violates his sincerely held religious beliefs. Defendant was aware of and did not contest Plaintiff's sincere religious belief during all material times.

5.

Prior to accepting the offer of employment, Plaintiff informed the Area Sales Manager, David Kilpatrick ("Kilpatrick"), that he would not accept the position unless he was exempted from any potential requirement to receive the COVID-19 vaccine due to his religious beliefs. Mr.

Page 2    **COMPLAINT**

MEYER EMPLOYMENT LAW
1000 SW BROADWAY STE 2300
PORTLAND, OR 97205
VOICE: (503) 459-4010
FAX: (503) 512-5022

Kilpatrick confirmed that was acceptable, Plaintiff was told he did not need to get the vaccine for the position and "not to worry about it." Plaintiff relied on that reassurance to his detriment by turning down other actual job opportunities he had at the time.

6.

Defendant does not formally require any specific immunizations as a condition of employment, but states that employees "be able to obtain and maintain required credentialing to perform the job." In late July and early August 2024, Defendant was aware that several of Plaintiff's assigned health system accounts required either proof of COVID-19 vaccination or an attestation of his religious objection from his employer. As part of the proof of exemption, Plaintiff specifically needed to provide an "exemption form signed by [his] employer on company attestation letterhead if declining for medical or religious reasons." Kilpatrick assured Plaintiff that Defendant would cooperate in providing the exemption paperwork, but ultimately it did not.

7.

On or around July 26, 2024, Plaintiff began the process of receiving a religious exemption for the COVID-19 vaccine and requested an exemption on Defendant's letterhead to provide to a requesting third party facility.

8.

On or around July 28, 2024, Defendant explained that it did not require its employees to receive the COVID-19 vaccination and thus could not exempt Plaintiff from a policy that did not exist. But Plaintiff explained repeatedly that he was not asking to be exempt from any internal policy requiring a COVID-19 vaccination, but simply asking for attestation on Defendant's letterhead of his sincere religious belief that he be exempt from the vaccination so as to satisfy the third-party facilities demanding such attestation.

Page 3    **COMPLAINT**

9.

On or around July 31, 2024, Defendant's HR department provided Plaintiff a signed letter on Defendant's letterhead, stating: "To whom it may concern: Defendant does not mandate COVID-19 vaccinations. However, field employees must adhere to the vaccination requirements of the facilities they visit or serve." Plaintiff submitted the provided letter to his third-party accounts that required the exemption, but they did not accept Defendant's letter. If anything, the letter obstructed Plaintiff's efforts to obtain an exemption by iterating Defendant's unconditional position that, irregardless of religion, employees must receive the vaccinations required by each facility.

10.

Plaintiff expended energy, time, and money, in pursuing Defendant's cooperation in his obtaining of a religious exemption attestation, to no avail. He brainstormed solutions with the third parties, offering to self-test for COVID-19 regularly and to wear an N-95 mask when doing sales in their facilities, but they insisted on Plaintiff obtaining an attestation of his religious accommodation request on Defendant's letterhead.

11.

On or around August 5, 2024, Plaintiff provided Defendant with a completed version of the Oregon Health Authority's "COVID-19 Vaccine Religious Exemption Request Form" and requested review and approval of it.

12.

On or around August 6, 2024, Defendant still did not complete the provided form and referred Plaintiff back to the July 31st letter. Throughout Plaintiff's employment, Defendant did essentially nothing to assist Plaintiff in his religious accommodation, leaving him to have to

MEYER EMPLOYMENT LAW
1000 SW BROADWAY STE 2300
PORTLAND, OR 97205
VOICE: (503) 459-4010
FAX: (503) 512-5022

contact each client hospital and credentialing agency himself to gain clarity on what was required of him.

13.

On or around August 7, 2024, Plaintiff replied that the July 31st letter did not work. In response, Defendant continued to insist it could not provide an exemption as Defendant did not require the COVID-19 vaccination as part of its policy. Plaintiff made it clear that both his attorney and the third-party accounts confirmed that Defendant was the proper party to handle the exemption, even if it was not required by their own policies. On the same day, Plaintiff emailed Defendant's Northwest Regional Manager explaining the difficulties he was having in obtaining the vaccine exemption. Plaintiff was eventually put into contact with the Wound Care Division's General Counsel, Shawna Traynor ("Traynor").

14.

On or around August 9, 2024, Plaintiff emailed Defendant letting them know that he was obtaining an attestation of his sincere religious belief from his pastor, and adding that his lawyer had instructed him to then have that attestation approved by Defendant.

15.

On or around August 13, 2024, Plaintiff obtained a note from his church pastor confirming his years-long attendance and supporting his religious exemption, which he provided to Defendant.

16.

On or around August 14, 2024, Plaintiff received a response from Ms. Traynor that Defendant did not have a policy to issue an exemption from and that Defendant's policy was to satisfy requirements from the credentialing organization. Ms. Traynor suggested that Plaintiff coordinate with the third-party accounts that required the exemption for guidance on how to proceed.

MEYER EMPLOYMENT LAW
1000 SW BROADWAY STE 2300
PORTLAND, OR 97205
VOICE: (503) 459-4010
FAX: (503) 512-5022

17.

On or around August 23, 2024, Plaintiff drafted a letter to Defendant, Defendant's clients and the third-party credentialing services formally requesting "full religious exemption from the COVID-19 vaccine," citing to his sincere religious beliefs about the "health and safety" of the "holy temple" that is the human body.

18.

On or around September 3, 2024, Defendant terminated Plaintiff for his failure to meet the credentials of the third-party accounts, despite Plaintiff being informed in weekly check-ins with Mr. Kilpatrick that the COVID-19 vaccine would not be an issue for his employment.

19.

As a result of the actions taken by Defendant, Plaintiff has suffered damages, including but not limited to economic damages, such as lost wages and other income, and noneconomic damages, including pain, suffering, and emotional distress. Plaintiff also continues to accrue attorney fees and costs in pursuing this action.

20.

Plaintiff initiated a charge with BOLI/EEOC and obtained a substantial evidence determination as to religious discrimination under ORS 659A.030. This lawsuit timely follows a March 2026 right to sue letter.

## CLAIMS FOR RELIEF

### Count One
### 42 U.S.C. § 2000e-2
### Religious Discrimination — Disparate Treatment

21.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

MEYER EMPLOYMENT LAW
1000 SW BROADWAY STE 2300
PORTLAND, OR 97205
VOICE: (503) 459-4010
FAX: (503) 512-5022

22.

Title VII of the Civil Rights Act of 1964 prohibits discrimination in the terms or conditions of employment, and prohibits discharge from employment, on the basis of an individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a).

23.

Defendant(s) violated 42 U.S.C. § 2000e-2(a)(1) by, without limitation, subjecting Plaintiff to adverse terms and conditions of employment, including termination, based on a prohibited classification, religion.

24.

In addition to other damages, Plaintiff is entitled to costs and attorney fees pursuant to 42 U.S.C. § 2000e-5(k).

**Count Two**
**42 U.S.C. § 2000e-2**
**Religious Discrimination — Harassment**

25.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

26.

An employer is liable for harassment under 42 U.S.C. § 2000e-2 when workplace conditions have "the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment." *Sharp v. S&S Activewear, L.L.C.*, 69 F.4th 974, 980 (9th Cir. 2023) (citing 29 C.F.R. § 1604.11(a)). Such an environment may include "discriminatory intimidation, ridicule, and insult." *Id.* at 978. In making a harassment determination, workplace conduct is "viewed cumulatively and contextually[.]" *Id.*

MEYER EMPLOYMENT LAW
1000 SW BROADWAY STE 2300
PORTLAND, OR 97205
VOICE: (503) 459-4010
FAX: (503) 512-5022

27.

Defendant(s) violated 42 U.S.C. § 2000e-2(a)(1) by, without limitation, subjecting Plaintiff to adverse terms and conditions of employment through a hostile work environment, on the basis of religion.

28.

In addition to damages, Plaintiff is entitled to costs and attorney fees pursuant to 42 U.S.C. § 2000e-5(k).

## Count Three
## ORS 659A.030(1)(a)-(b)
### Religious Discrimination — Disparate Treatment

29.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

30.

Under Oregon law, "[i]t is an unlawful employment practice: (a) For an employer, because of an individual's . . . religion. . . to bar or discharge the individual from employment . . . [or] (b) [f]or an employer, because of an individual's . . . religion . . . to discriminate against the individual in compensation or in terms, conditions or privileges of employment." ORS 659A.030(1).

31.

Defendant(s) violated ORS 659A.030(1)(a)-(b) by, without limitation, subjecting Plaintiff to adverse terms and conditions of employment, including termination, based on a prohibited classification, religion.

32.

In addition to damages, Plaintiff is entitled to costs and attorney fees pursuant to ORS 20.107 and ORS 659A.885.

Page 8    **COMPLAINT**

## Count Four
### ORS 659A.030(1)(a)-(b)
### Religious Discrimination — Harassment

33.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

34.

Under Oregon law, "[i]t is an unlawful employment practice: (a) For an employer, because of an individual's . . . religion . . . to bar or discharge the individual from employment . . . [or] (b) [f]or an employer, because of an individual's . . . religion. . . to discriminate against the individual in compensation or in terms, conditions or privileges of employment." ORS 659A.030(1).

35.

Defendant(s) violated ORS 659A.030(1)(a)-(b) by, without limitation, subjecting Plaintiff to adverse terms and conditions of employment through a hostile work environment, on the basis of religion.

36.

In addition to damages, Plaintiff is entitled to costs and attorney fees pursuant to ORS 20.107 and ORS 659A.885.

## Count Five
### ORS 659A.030(1)(f)
### Retaliation for Opposing Unlawful Employment Practices

37.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

Page 9    **COMPLAINT**

38.

ORS 659A.030(1)(f) makes it is an unlawful practice for any person to "discharge expel or otherwise discriminate against any other person because that other person has opposed any unlawful practice" under Chapter 659A of the Oregon Revised Statutes.

39.

Defendant violated ORS 659A.030(1)(f) by, without limitation, subjecting Plaintiff to adverse terms and conditions of employment, including termination, based on Plaintiff's reporting and/or opposing unlawful employment practices.

40.

In addition to damages, Plaintiff is entitled to costs and attorney fees pursuant to ORS 20.107 and ORS 659A.885.

**Count Six**
**Promissory Estoppel**

41.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

42.

Defendant repeatedly promised and assured Plaintiff that his employment was not conditioned on his COVID-19 vaccination status.

It was reasonably foreseeable that Defendant's promises to Plaintiff would induce Plaintiff to rely upon said promise to his detriment.

43.

Plaintiff relied on Defendants promises to his detriment, resulting in economic and non-economic damages.

MEYER EMPLOYMENT LAW
1000 SW BROADWAY STE 2300
PORTLAND, OR 97205
VOICE: (503) 459-4010
FAX: (503) 512-5022

44.

Plaintiff re-alleges his claim for economic and non-economic damages, costs, and attorneys' fees as states in the paragraphs above.

### Count Seven
### Wrongful Discharge

45.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

46.

An employer commits the tort of wrongful discharge by, among other actions, terminating an employee "for exercising a job-related right that reflects an important public policy." *Yeager v. Providence Health System*, 96 P.3d 862, 865 (Or. App. 2004) (citation omitted).

47.

At all material times, the public policy of Oregon prohibited an employer from retaliating and discriminating against Plaintiff on the basis of a sincerely held religious belief or for attempting to exercise their workplace rights.

48.

This public policy is embodied in the common law, statutes, and regulations of the State of Oregon including, but not limited the statutes delineated in the prior counts, and the rules implementing those statutes.

MEYER EMPLOYMENT LAW
1000 SW BROADWAY STE 2300
PORTLAND, OR 97205
VOICE: (503) 459-4010
FAX: (503) 512-5022

49.

Defendant subjected Plaintiff to a wrongful discharge by, without limitation, terminating Plaintiff's employment on the basis of his religion and/or use of one or more of the work-related rights delineated above, causing him non-economic and economic damages.

**Count Eight**
**Negligent Misrepresentation**

50.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

51.

Defendants negligently misrepresented its statements and/or promises set forth in the paragraphs above, particularly with regards to credentialing for the position.

52.

Defendant was aware of third parties generally requiring a COVID-19 vaccinated status, yet materially withheld that fact and assured Plaintiff that he need not worry about the vaccine, only ultimately to terminate him because of his inability to obtain it.

53.

Plaintiff has suffered both non-economic and economic damages, including lost income and career development, as well as emotional distress, as a result of Defendant's negligent misrepresentation.

54.

As a result of Defendants' unlawful conduct, Plaintiff is entitled to economic damages, non-economic damages and the right to amend the complaint to seek punitive damages, costs, and attorneys' fees.

Page 12    **COMPLAINT**

## DEMAND FOR JURY TRIAL

55.

Plaintiff demands a jury trial on all claims and issues to the extent allowed under the law.

## PRAYER FOR RELIEF

56.

Based on the above, Plaintiff requests the following judgments against and relief from Defendant(s):

(a)     Economic damages, including for lost wages and employment benefits, in an amount to be determined at trial;

(b)     Noneconomic damages, including for pain, suffering, and emotional distress, in an amount to be determined at trial;

(c)     Penalties or liquidated damages in an amount to be determined at trial as authorized by statute;

(d)     Punitive damages on any claims available in an amount to be determined at trial;

(e)     Reasonable costs and attorney fees, including as authorized by 29 U.S.C. § 216, ORS 652.200, ORS 653.055, and ORS 659A.885;

(f)     Equitable relief, as the Court deems proper;

(g)     Prejudgment and post-judgment interest as appropriate and allowed by law;

(h)     On all claims, as applicable, amounts necessary to offset the income tax consequences of receiving a lump sum payment, rather than receiving payment of wages or other amounts over the applicable time frame; and

(i)     All such other relief as the Court may deem proper.

MEYER EMPLOYMENT LAW
1000 SW BROADWAY STE 2300
PORTLAND, OR 97205
VOICE: (503) 459-4010
FAX: (503) 512-5022

DATED:        April 28, 2026              Respectfully Submitted:

                                          MEYER EMPLOYMENT LAW

                                          *s/Sharia Mayfield*

                                          Robert K. Meyer, OSB No. 086470
                                          robert@oregonworkplacelaw.com
                                          Sharia Mayfield, OSB No. 164359
                                          sharia@oregonworkplacelaw.com

                                          *Attorneys for Plaintiff*

Page 14    **COMPLAINT**